UNITED STATES of America, Plaintiff,

v.

Charles F. WARE, Defendant.

Cr. Nos. 596–64, 602–64.

United States District Court
District of Columbia.

Dec. 18, 1964.

Harold Titus, Asst. U. S. Atty., for the District of Columbia, Washington, D. C., for the Government.

William Rowan, Washington, D. C., for the defendant.

HOLTZOFF, District Judge.

These are motions by counsel for the defendant to dismiss the indictment and to dismiss the prospective jury panel in each of these two cases on the ground that a certain group of persons has been ignored or excluded by the Jury Commission in selecting qualified jurors for service in the United States District Court for the District of Columbia. Specifically, it is claimed that the Jury Commission of the District of Columbia has been ignoring persons who have been convicted of a felony or a misdemeanor involving moral turpitude but who have later been pardoned.

Attention is called by counsel for the defendant to the fact that on December 24, 1945 and December 24, 1952 the President of the United States granted a pardon to certain persons who had been convicted of violations of laws of the United States but who later served in the armed forces of the United States in time of war and were honorably discharged. How many such persons there are in the District of Columbia does not appear and it is impossible to ascertain this fact.

The qualifications for jurors in the courts of the United States are fixed primarily in 28 U.S.C. § 1861, which provides as follows:

"Any citizen of the United States who has attained the age of twenty-one years and who has resided for a period of one year within the judicial district, is competent to serve as a grand or petit juror unless—(1) He has been convicted in a State or Federal court of record of a crime punishable by imprisonment for more than one year and his civil rights have not been restored by pardon or amnesty. (2) He is unable to read, write and speak, and understand the English language. (3) He is incapable, by reason of mental or physical infirmities to render efficient jury service."

There is a parallel statute in the District of Columbia Code, Title 11, Section 2301, which became law on December 23, 1963.

In the Federal judicial system lists of jurors are prepared and prospective jurors are selected by Jury Commissions appointed and created by the several United States District Courts. This method contemplates that the qualifications fixed by law for jury service are the minimum requirements, and that no one who fails to meet them is eligible. It does not follow that every eligible person must be placed on the jury lists. It would be impossible to do so because jury lists would then reach such magnitude that they would become unwieldy. Moreover, the Jury Commission is not equipped to examine every resident of the District to determine his competency

for jury service. The very purpose of establishing a Jury Commission is to create an impartial body standing, so to speak, between the court and the public, to obtain on an individual basis suitable persons to serve on juries. The function of the Commission is to use a selective process for that purpose.

Only a limited number of citizens can be used for jury service. The duty of the Commission is to invoke its sound judgment and discretion in determining what persons should be called for jury service. The task is to select persons fitted by character and intelligence who would represent a cross-section of the population.

A committee of judges appointed by the Judicial Conference of the United States several years ago recommended that Jury Commissions use their discretion in selecting names of prospective jurors. The Committee approved the use of questionnaires and personal interviews in this connection.[1]

It is the understanding of this Court that the Jury Commission for the District of Columbia uses an arbitrary mathematical formula, which is changed periodically, to take names out of the city directory and the telephone directory, at random. It then sends questionnaires to all persons so picked and determines on the basis of the answers whether the name of the prospective juror should or should not be placed on the jury list. In case of doubt the Commission requests the person to appear for a personal interview. This process is continuous and the list is constantly in a state of flux. All neigh-borhoods, all races, all economic levels, are represented in the list so developed.

Counsel for the defendant points to Question 20 in the questionnaire sent to prospective jurors by the Jury Commission. It reads as follows:

"Have you ever been indicted for or convicted of any offense in any court? If so, state when and where and the nature of the offense."

It is argued that on the basis of an answer to this question a person who has been convicted of a serious crime, but who has been pardoned, might be automatically eliminated. Several considerations must be borne in mind in this connection. First, as has been stated, it is contemplated that Jury Commissions should use their discretion in selecting persons who are intelligent, honorable and conscientious. They need not and cannot use every eligible person. The only limitation on Jury Commissions is one formulated in judicial decisions, namely, that a Commission may not exclude an entire class on a group basis. For example, Jury Commissions have been held to have improperly excluded women[2] as a class or *per diem* laborers[3] as a class. The same consideration would apply to any exclusion based on race, religion or national origin. It cannot be said, however, that persons who have been convicted of a crime and thereafter pardoned constitute a separate group or class in that sense, and, therefore, this principle does not apply to the present situation.

Irrespective of these considerations, as a matter of fact the question-

---

1. The Jury System in the Federal Courts —Report of the Judicial Conference Committee on the Operation of the Jury System, approved by the Judicial Conference of the United States, September 1960, p. 14, paragraph V; p. 18, p. 27 et seq. The Report states that, "The choosing of jurors is more than a mechanical process", and that the Commission is entitled to exercise judgment, p. 29. The Report further states that, "Some discretion in selection must be used to select jurors with these qualifications." p. 40.

2. Ballard v. United States, 329 U.S. 187, 67 S.Ct. 261, 91 L.Ed. 181.

3. Thiel v. Southern Pacific Co., 328 U.S. 217, 66 S.Ct. 984, 90 L.Ed. 1181.

852

naire used by the Jury Commission affords an opportunity to the prospective juror to indicate that he has received a pardon if he has been convicted. Question 36 of the questionnaire states as follows:

"If there is anything that would affect your ability to serve, describe briefly on a separate sheet."

If a person to whom the questionnaire is addressed, has been convicted of a crime but thereafter pardoned, he would obviously have a right to state so, in answer to Question 36. Moreover, in answer to Question 20, to which reference has been made, he would have a right to say, "Yes, I have been convicted, but I have been pardoned". Consequently, it does not appear from this questionnaire that a person has no opportunity to indicate that even though he has been convicted of a crime he has been pardoned. On the contrary, such a facility is presented in the present document.

■■ There is another problem. Obviously the Court may not construe any statute so as to reach an unreasonable or absurd result. This principle of statutory construction is well established. The grand jury that indicted this defendant was drawn from a list of jurors that had been accumulated over a long period of time. Names are added and, because of removals and deaths, are taken off the list from month to month. It is the view of this Court that the statute on which reliance is placed is not retroactive, and did not require all existing lists of jurors to be discarded and new lists prepared. Otherwise there would have been a considerable interval after the enactment of the statute during which it would have been impossible to hold jury trials, because it would have taken a great deal of time to prepare new jury lists.

For each of these reasons the Court reaches the conclusion that the motions of the defendant are not well founded and the motions are denied.